# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| DR. CORNELIUS UBOH ) | |
| ) | |
| ) | |
| Plaintiff ) | |
| ) | ***Electronically filed*** |
| ) | |
| v. ) | |
| ) | Civil Action No. _____ |
| ) | |
| UNITED STATES EQUESTRIAN ) | |
| FEDERATION, WILLIAM MORONEY, ) | |
| MURRAY KESSLER, SONJA KEATING ) | |
| AND KENT ALLEN ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

\*\*\*\*\*\*\*\*

Defendant United States Equestrian Federation ("Defendant") by counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1146, with the consent of defendants Sonja Keating, William Moroney, Murray Kessler and Kent Allen, hereby notifies this Court that it is removing the above-captioned action, currently pending as Civil Acton No. 19-CI-00103 in Fayette Circuit Court, to the United States District Court of the Eastern District of Kentucky, Central Division at Lexington. As grounds for removal, Defendant state as follows:

1.   On or about January 11, 2019, Plaintiff Dr. Cornelius Uboh filed a lawsuit in Fayette Circuit Court, Kentucky styled, *Dr. Cornelius Uboh v. United States Equestrian Federation, William Moroney, Murray Kessler, Sonja Keating and Kent Allen,* Civil Action No.

19-CI-00103, arising out of the termination of Plaintiff's employment contract with Defendant USEF and defamation. (*See* Exhibit A, State Court papers).

2. This Notice of Removal is timely under 28 U.S.C. § 1446 in that it was filed within thirty days of January 25, 2019, which is the date on which service of the Summons and Complaint was first achieved on one of the defendants. (*See* Exhibit A). This Notice of Removal is also filed within thirty days of January 18, 2019, which is the date on which a person other that USEF's registered agent accepted a copy of the Summons and Complaint from a process server.

3. This Notice of Removal was filed on February 7, 2019.

4. The above described action is one which may be removed by Defendant USEF pursuant to the provisions of 28 U.S.C. § 1441 based on diversity jurisdiction and amount in controversy, as indicated by the following circumstances:

**Diversity**

5. For purposes of diversity jurisdiction, the citizenship of the parties is determined at the time the action is commenced. *Gould, Inc. v. Pechiney Ugine Kuhlmann,* 853 F.2d 445, 450 (6th Cir. 1988) (citing *Anderson v. Watt,* 138 U.S. 694, 702-03 (1891)).

6. Upon information and belief, Plaintiff, Dr. Cornelius Uboh, is a citizen of Pennsylvania at the time this action was commenced. (Plaintiff's Complaint, ¶ 1).

7. The citizenship of a corporation is determined by both its state of incorporation and its principle place of business. 28 U.S.C. § 1332(c)(1). USEF was at the time of commencement of this action and at the present time a foreign non-profit corporation duly organized and incorporated under the law of the State of New York. USEF's principal place of business is Kentucky. The Supreme Court has held that a determination of the principal place of business for a corporation requires a consideration of the "nerve center of the corporation." *See Hertz v. Friend,*

559 U.S. 77, 92-93 (2010) ("[P]rincipal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"). USEF is headquartered in Kentucky and all coordination functions and decisions for USEF are made in Kentucky.

8. Thus, USEF was at the time of commencement of this action (and continues to be), a citizen of New York and Kentucky.

9. William Moroney was at the time of the commencement of this action (and continues to be), a citizen of Virgina. (*See* Exhibit B).

10. Sonja Keating was at the time of the commencement of this action (and continues to be), a citizen of Kentucky. (*See* Exhibit C).

11. Murray Kessler was at the time of the commencement of this action (and continues to be), a citizen of Florida. (*See* Exhibit D).

12. Kent Allen was at the time of the commencement of this action (and continues to be), a citizen of Virginia. (*See* Exhibit E).

13. Therefore, there is complete diversity of citizenship between the relevant parties to the lawsuit.

### Amount in Controversy

14. The amount in controversy, exclusive of interests and costs, exceeds $75,000 as required by 28 U.S.C. § 1332(a). Plaintiff seeks damages for the following:

    i. Damages for breach of employment agreement. (Plaintiff's Complaint, ¶ 39);

    ii. Damages for failure to pay wages under Kentucky's Wage Statute (*Id.*, ¶44);

      iii.      Damages for defamation per se (*Id.,* ¶58);

      iv.      Damages for defamation (*Id.,* ¶71); and

      v.      Punitive damages and attorney fees.

15.    In determining whether the amount in controversy is satisfied, the court need only be convinced that it is more likely than not that the amount at issue exceeds $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (stating that a removing defendant must only show "by a preponderance of the evidence that the amount in controversy requirement has been met"). "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'" *Id*. (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds)). Additionally, Plaintiff's claims can be aggregated in order to satisfy the jurisdictional amount requirement in 28 U.S.C. § 1332(a). *Lemmon v. Cedar Point, Inc.*, 406 F.2d 94, 96 (6th Cir. 1969) (internal citations omitted).

16.    Regarding Plaintiff's claims for breach of contract for employment, Plaintiff's annual salary was $200,000.00, and significantly, he seeks recovery of one-year's salary. (*See* Plaintiff's Complaint, ¶¶ 8 and 39).

17.    Plaintiff's claim for punitive damages also is included in the amount in controversy. "Claims for punitive damages should be included in the amount-in-controversy, 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 479 (6th Cir. 2014) (quoting *Hayes*, at 572).

18.    Based on the foregoing, a reasonable and fair reading of the Complaint demonstrates that the damages at issue, when considered in the aggregate, more likely than not exceed $75,000.

19.    Therefore, Defendant believes that the amount in controversy in this action exceeds $75,000, exclusive of interests and costs.

20.    Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. § 1332 and which may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

21.    The Eastern District of Kentucky is the proper judicial district for removal, as it embraces the place, Fayette County, where the action is currently pending. The Central Division at Lexington is the proper division within the district pursuant to Local Rule 3.1(a).

22.    The individual defendants have not been served with the Summons or Complaint in this matter and have not waived service. Nonetheless, the undersigned counsel for Defendant USEF hereby certifies that she has conferred with, and obtained written affirmation that individual defendants Sonja Keating, William Moroney, Murray Kessler and Kent Allen consent to the removal of this action from the Fayette Circuit Court to this Court. (*See* Exhibits B-E).

23.    Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place, Fayette County, where the action is pending.

24.    This action is not an action described in 28 U.S.C. § 1445.

25.    By virtue of this Notice of Removal, Defendant does not waive its rights to answer the Complaint and/or assert any claims, defenses, or other motions.

26.    All Defendants properly joined and served consent to the removal of this action.

27. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in this action as of the date of filing of this Notice of Removal is attached hereto. (*See* Exhibit A).

28. This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446.

29. A true and correct copy of this Notice of Removal will be filed with the clerk of the Fayette Circuit Court in accordance with 28 U.S.C. § 1446.

WHEREFORE, the United States Equestrian Federation, with the consent of defendants Sonja Keating, William Moroney, Murray Kessler and Kent Allen, hereby give notice of this removal from the Circuit Court of Fayette County, Kentucky, to this Court for all further proceedings.

Respectfully submitted,

/s/ Catherine S. Wright
Catherine S. Wright
Irvin Rigsby PLC
110 North Main Street
Nicholasville, Kentucky  40356
(859) 724-4104
(859) 885-2307 (Facsimile)
cwright@irvinrigsby.com

*Counsel for United States Equestrian Federation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served via First Class Mail, Postage Prepaid, and via the Court's electronic case management system (CM/ECF) on this the 7th day of February, 2019, upon the following:

Tad Thomas
John Abaray
Thomas Law Offices, PLLC
9418 Norton Commons Blvd, Ste 200
Louisville, Kentucky 40059

Stephen V. Yarnell
Law Offices of Stephen Yarnell
1101 Evergreen Road
Reading, PA 19611

Brian P. Kirby
Brian P. Kirby, Attorney at Law
171 W. Lancaster Avenue, Ste. 100
Paoli, PA 19301

                                            /s/ Catherine S. Wright
                                            *Counsel for United States*
                                            *Equestrian Federation*