UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| CORNELIUS UBOH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>UNITED STATES EQUESTRIAN )<br>FOUNDATION, *et. al.*, )<br>)<br>Defendants. )<br>) | Case No.<br>5:19-cv-038-JMH<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*

The parties that have appeared in this action have filed a joint motion to remand to the case to state court. [DE 6, Joint Motion]. The parties have made no argument and have cited no authority indicating that remand is proper in this action. The parties simply agree and stipulate to the remand the action to state court. But the Court's discretion to remand a case that was properly removed to federal court is limited by statute. As a result, since the parties have pointed to no defect that would justify remand, the joint motion or stipulation to remand this action to Fayette Circuit Court [DE 6] is **DENIED**.

### I. Procedural History

The Plaintiff filed this action in Fayette Circuit Court on January 11, 2019. [DE 1-2, State Court Record at 6-30, Pg ID 14-38]. Plaintiff sued the Defendants for breach of contract, wage

payment and collection law, defamation per se, and defamation. [*Id.* at 20-28, Pg ID 28-36].

The Defendants removed the action to this court on February 7, 2019. [DE 1, Notice of Removal]. Subsequently, three of the Defendants, Sonja Keating, William Moroney, and the United States Equestrian Foundation ("USEF"), answered the complaint, filed a counterclaim, and moved to dismiss count two of Plaintiff's complaint. [DE 4, Answer; DE 5, Motion to Dismiss].

Affidavits from two of the Defendants, Murray Kessler and Kent Allen, were attached as exhibits to the notice of removal. The affidavits stated that Kessler and Allen had not been served but that they were aware that they had been named as Defendants in the action and that they consented to removal of this action to federal court. [DE 1-5, Kessler Affidavit; DE 1-6, Allen Affidavit]. Still, subsequent filings indicate that attorney Catherine Wright only represents Defendants Sonja Keating, William Moroney, and USEF. [*See* DE 4; DE 5; DE 6]. As such, Kessler and Allen consented to removal of this action but have not answered the Plaintiff's complaint or otherwise appeared to defend themselves.

Now, four of the parties, Plaintiff Uboh and Defendants Keating, Moroney, and USEF, have filed a joint motion or stipulation to remand this action to the Fayette Circuit Court. [DE 6]. The moving parties have provided no argument and have

2

cited no authority indicating that remand is proper. The parties simply state that they "are now in agreement and stipulate to the remand of this case to Fayette Circuit Court, Lexington, Kentucky, with each party to bear its own costs." [*Id.* at 1, Pg ID 117]. Since the parties that have appeared in the action have moved for relief jointly and the other Defendants have not appeared, the motion to remand is ripe for review.

## II.  Analysis

Federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citing cases). A defendant may remove a case from state court to federal court if the court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Original jurisdiction under § 1441 arises if there is diversity of citizenship between the parties or the complaint presents a federal question. *See* 28 U.S.C. §§ 1331, 1332.

Jurisdiction based on diversity of citizenship between the parties exists when there is complete diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Normally, the defendants who removed an action would attempt to demonstrate that removal was proper, and that subject matter jurisdiction is present. But here, the Defendants who have appeared in the action consent to remand. As a result, in considering whether remand is warranted, the Court

3

must address whether removal was proper and whether the Court has subject matter jurisdiction based on the state court complaint and notice of removal.

Still, this Court does not have discretion to remand a case to state court simply because the parties agree or stipulate to remand. Remand of actions after removal is governed by 28 U.S.C. § 1447(c), which states, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

Here, the Defendants made a strategic decision when they removed this action to federal court based on diversity jurisdiction. Now, it appears that the moving parties have simply conferred and changed their mind about their preferred forum for this action. But the joint motion to remand suffers from two fatal flaws.

First, not all parties are included in the joint motion to remand. The joint motion is signed by attorney Catherine Wright, counsel for USEF, Sonja Keating, and William Moroney and attorney John Abaray, counsel for Cornelius Uboh. [*See* DE 6 at 2, Pg ID 118]. As was previously discussed, Defendants Murray Kessler and Kent Allen indicated their agreement to removal through affidavits filed with the notice of removal, but it is unclear if Kessler and Allen have been served and they have not answered the complaint or

otherwise appeared to defend themselves in this action. As such, remand may result in prejudice to Kessler and Allen.

Second, and more important, the moving parties have not provided any defect or cited any case law that supports remand. Section 1447(c) allows for "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction" within thirty days after filing notice of removal. Here, the parties have failed to identify any defect or cite any authority that justifies remand.

Additionally, the parties do not contend that removal was improper or that the Court lacks subject matter jurisdiction. There appears to be complete diversity of citizenship between the parties based on the notice of removal and accompanying affidavits.

Furthermore, the amount in controversy requirement appears to be met. In any action for unliquidated damages, Kentucky law prevents the plaintiff from reciting a sum of alleged damages. *See* Ky. R. Civ. P. 8.01. When faced with an indeterminate amount of damages in a state court complaint, federal courts may make "an independent appraisal of the amount in controversy or suggest[] that the defendant do so." *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1308 (E.D. Ky. 1990). In the present case, the Plaintiff's annual salary was $200,000 and he seeks one-year's salary as severance pay, in addition to punitive damages. [See DE 1-2 at 7, 21, 28, Pg ID 15, 29, 36]. Thus, the face of the

5

Plaintiff's state court complaint indicates that he seeks over $200,000 in damages in this action, meeting the amount in controversy requirement. As such, there is no apparent defect indicating that the Court lacks subject matter jurisdiction in this action.

### III. Conclusion

In sum, there is no apparent defect that suggests that removal of this action was improper or that this Court lacks subject matter jurisdiction. At this juncture, the moving parties have at least two options. First, the moving parties can refile a motion to remand providing argument and authorities demonstrating that remand is proper in this matter. Second, the moving parties may be able to pursue a dismissal of the entire action under Federal Rule of Civil Procedure 41(a) and refile an action in state court. *See* Fed. R. Civ. P. 41(a)(1)(A); *see also See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). Of course, determinations about how to proceed are completely within the purview of the parties. Still, the Court cannot remand this action to Fayette Circuit Court simply because some of the parties agree that litigating in state court is preferable. Accordingly, **IT IS ORDERED** that the joint motion to remand [DE 6] is **DENIED**.

This the 1st day of March, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge