UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CORNELIUS UBOH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:19-cv-038-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| UNITED STATES EQUESTRIAN | ) | |
| FOUNDATION, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*

Plaintiff Cornelius Uboh, through counsel, has moved the Court to reconsider the decision outlined in the Court's previous memorandum opinion and order [DE 7] denying the parties' joint motion to remand. [DE 8]. In support of his motion, Uboh states that remand to state court is justified based on a procedural defect in removal, namely the "resident defendant rule" or the "forum defendant rule." But Uboh's employment agreement with USEF contained a forum-selection clause consenting to the federal jurisdiction for actions or proceedings arising out of or relating to the employment agreement. [DE 1-2 at 37, Pg ID 45]. This forum-selection clause operates as a waiver of this procedural defect with removal since Uboh contractually agreed to litigate any disputes arising out of the employment agreement in federal court. As a result, Uboh's motion to reconsider [DE 8] is **DENIED**.

## I. Procedural History

The Plaintiff filed this action in Fayette Circuit Court on January 11, 2019. [DE 1-2, State Court Record at 6-30, Pg ID 14-38]. Plaintiff sued the Defendants for breach of contract, wage payment and collection law, defamation per se, and defamation. [*Id.* at 20-28, Pg ID 28-36].

The Defendants removed the action to this Court on February 7, 2019. [DE 1, Notice of Removal]. Subsequently, three of the Defendants, Sonja Keating, William Moroney, and the United States Equestrian Foundation ("USEF"), answered the complaint, filed a counterclaim, and moved to dismiss count two of Plaintiff's complaint. [DE 4, Answer; DE 5, Motion to Dismiss].

Affidavits from two of the Defendants, Murray Kessler and Kent Allen, were attached as exhibits to the notice of removal. The affidavits stated that Kessler and Allen had not been served but that they were aware that they had been named as Defendants in the action and that they consented to removal of this action to federal court. [DE 1-5, Kessler Affidavit; DE 1-6, Allen Affidavit]. As such, Kessler and Allen consented to removal of this action but had not answered the Plaintiff's complaint or otherwise appeared to defend themselves. Since then, Kessler and Allen have appeared in the action through counsel and have answered the Plaintiff's complaint. [DE 12; DE 13].

2

Previously, four of the parties, Plaintiff Uboh and Defendants Keating, Moroney, and USEF, filed a joint motion or stipulation to remand this action to the Fayette Circuit Court. [DE 6]. The moving parties provided no argument and cited no authority indicating that remand was justified. The parties simply stated that they were "now in agreement and stipulate[d] to the remand of this case to Fayette Circuit Court, Lexington, Kentucky, with each party to bear its own costs." [*Id.* at 1, Pg ID 117]. The Court denied the parties' joint motion to remand because the parties failed to provide any reason justifying remand to state court or any jurisdictional defect. [DE 7].

Subsequently, Uboh filed a motion asking the Court to alter or amend the memorandum opinion and order denying the joint motion to remand, pointing to the forum defendant rule as justification for remand. [DE 8]. Defendants Keating, Moroney, and USEF filed a response in opposition, asserting that Uboh's consent to litigate in a federal forum in his USEF employment agreement constituted waiver of any procedural defects with removal to federal court.[1]

---

[1] The initial joint motion to remand [DE 6] was signed by Catherine S. Wright, counsel for USEF and counsel for Keating, and Moroney at the time of the filing of the motion to remand. [DE 6 at 2, Pg ID 118]. Wright's signature indicates that these Defendants were initially in favor of remand of this action to state court. Regardless, the response in opposition filed by the same Defendants [DE 11] indicates that they now oppose remand to state court. [*See* DE 11 at 3 n.2, Pg ID 168 n.2].

3

[DE 11]. Uboh did not reply to the Defendants' response. As a result, the motion to alter or amend is ripe for review.

## II. Analysis

Here, Uboh moves the Court to reconsider the previous order denying remand. Uboh contends that the forum defendant rule caused a defect in removal of this action to federal court and asks the Court to amend the previous order to address this issue and remand the action to state court.

### A. This Court has Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citing cases). A defendant may remove a case from state court to federal court if the court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Original jurisdiction under § 1441 arises if there is diversity of citizenship between the parties or the complaint presents a federal question. *See* 28 U.S.C. §§ 1331, 1332.

Jurisdiction based on diversity of citizenship between the parties exists when there is complete diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. There appears to be complete diversity of citizenship between the parties based on the notice of removal and accompanying affidavits. When this action was commenced, the Plaintiff was a citizen of Pennsylvania. [DE 1-2 at 6, Pg ID 14].

Defendant USEF was a non-profit corporation organized under New York law, with a principal place of business in Kentucky. [DE 1 at 2-3, Pg ID 2-3]. Defendants Moroney and Allen were citizens of Virginia. [DE 1 at 3, Pg ID 3; DE 1-3; DE 1-6]. Defendant Keating was a citizen of Kentucky. [DE 1 at 3, Pg ID 3; DE 1-4]. Finally, Defendant Kessler was a citizen of Florida. [DE 1 at 3, Pg Id 3; DE 1-5]. Thus, complete diversity of citizenship existed amongst the parties when this action was commenced.

Furthermore, the amount in controversy requirement appears to be met. In any action for unliquidated damages, Kentucky law prevents the plaintiff from reciting a sum of alleged damages. *See* Ky. R. Civ. P. 8.01. When faced with an indeterminate amount of damages in a state court complaint, federal courts may make "an independent appraisal of the amount in controversy or suggest[] that the defendant do so." *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1308 (E.D. Ky. 1990). In the present case, the Plaintiff's annual salary was $200,000 and he seeks one-year's salary as severance pay, in addition to punitive damages. [See DE 1-2 at 7, 21, 28, Pg ID 15, 29, 36]. Thus, the face of the Plaintiff's state court complaint indicates that he seeks over $200,000 in damages in this action, meeting the amount in controversy requirement. As such, there is no apparent defect indicating that the Court lacks subject matter jurisdiction in this action.

### B. The Forum-Selection Clause Prospectively Waived Any Arguments About Procedural Defects During Removal

In his motion to reconsider, Uboh claims that removal of this action to federal court was improper based on the forum defendant rule. The forum defendant rule limits the right of Defendants to remove in diversity cases. Title 28, United States Code Section 1441(b) provides that cases based on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.; see also Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 858-59 (N.D. Ohio 2008) (discussing the forum defendant rule and interpreting the text of Section 1441(b)). The removing party "bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir.2007) (citation omitted).

The weight of federal authority has concluded that the forum defendant rule is a procedural defect that may be waived, not a jurisdictional defect that deprives the court of subject matter jurisdiction. *See, e.g.*, *RFF Family P'ship, LP v. Wasserman*, 316 F. App'x 410, 411 (6th Cir. 2009) (stating that "[t]he forum defendant provision is a procedural removal requirement that is waived if it is not raised by a timely motion to remand" and citing cases); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 937-42

6

(9th Cir. 2006) (finding that the forum defendant rule is procedural and citing cases); *Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 50 n. 2 (2d Cir. 2000) (describing a violation of the forum defendant rule as a waivable "procedural defect"); *Hurley v. Motor Coach Indus.*, 222 F. 3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule "is more a matter of removal procedure, and hence waivable, than a matter of jurisdiction"); *Blackburn v. United Parcel Serv., Inc.*, 179 F. 3d 81, 90 n.3 (3d Cir. 1999) (describing a § 1441(b) violation as a waivable removal defect); *De Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) (same); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991) (same); *Farm Constr. Servs. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987) (holding that a violation of the forum defendant rule did not strip the district court of its jurisdiction because it was a "technical" defect that had been waived); *American Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970) (describing a § 1441 (b) violation as a waivable defect in removal proceedings).

Previously, another judge of this Court also noted that the forum defendant rule is a procedural rule that may be waived. In *Hackworth v. Guyan Heavy Equip., Inc.*, 613 F. Supp. 2d 908, 912 (E.D. Ky. 2009), the court stated that "the removal of a case in violation of § 1441(b) constitutes a procedural defect because § 1441(b) renders such removals improper, but it does not remove

from federal courts all authority to exercise diversity jurisdiction over the class of cases involving forum state defendants."

Under normal circumstances, the presence of USEF as a Defendant when this action was removed would create a defect in removal based on the forum defendant rule. It is undisputed that USEF was a citizen of both New York and Kentucky when this action was filed for the purposes of determining diversity of citizenship.

But Uboh contractually agreed to litigate any disputes arising out or relating to the employment agreement in federal court, assuming no defects with subject matter jurisdiction. Section eleven of Uboh's employment agreement with USEF stated,

> <u>Consent to jurisdiction and venue.</u> Each of the USEF and Uboh hereby (i) consents to the jurisdiction of the United States District Court for the District of Kentucky, or, if such court does not have subject matter jurisdiction over such matter, the appropriate Commonwealth of Kentucky Court, and (ii) irrevocably agrees that all actions or proceedings arising out of or relating to this Agreement shall be litigated in such court[.] Each of the USEF and Uboh accepts for itself or himself in connection with its or his properties, generally and unconditionally, the exclusive jurisdiction and venue of aforesaid courts and waives any defense of forum non conveniens or any similar defense.

[DE 1-2 at 37-38, Pg ID 45-46 (emphasis in original)]. The contract appears to be signed by Uboh and is dated September 19, 2016. [*Id.* at 38, Pg ID 46].

Forum selection provisions are generally held to be valid and there are no apparent defects with the forum selection provision in the USEF contract. Generally, "[forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) ("A forum selection clause should be upheld absent a strong showing that it should be set aside."). Here, there is no indication that Uboh did not have notice of the provision. The forum selection clause in this case was included on the second-to-last page of the contract and was introduced by underlined font, saying, "Consent to Jurisdiction and Venue." [DE 1-2 at 37, Pg ID 45].

Additionally, the clause appears reasonable based on the circumstances of this case. Uboh entered into an employment contract with USEF to serve as Laboratory Director for USEF in Lexington, Kentucky. The forum selection provision provides that the parties will litigate claims in federal courts encompassing the Commonwealth of Kentucky, the place where Uboh's work was to be performed. Moreover, federal courts in cases based on diversity of citizenship jurisdiction would still be obligated to apply the substantive law of the Commonwealth of Kentucky as the rule of decision pursuant to the *Erie* doctrine. As a result, the forum

9

selection clause in the employment contract appears valid and enforceable.

As a result, the only question that remains is whether Uboh's agreement to the forum selection clause, and waiver of the defense of forum non conveniens and similar defenses, constituted a prospective waiver of any defect with removal based on the forum defendant rule. Whether a party may prospectively waive a removal defect based on the forum defendant rule in a contractual forum selection provision appears to be a matter of first impression for this Court.

Other courts have found that permissive forum selection clauses do not result in a waiver of the right to rely on the forum defendant rule. *See, e.g.*, *Klayman v. Judicial Watch, Inc.*, 185 F. Supp. 3d 67, 71 (D.D.C. 2016); *Carmen Grp., Inc. v. Xavier Univ. of La.*, 41 F. Supp. 3d 8, 11-12 (D.D.C. 2014) (citing cases). "Mandatory [forum selection] clauses that require the parties to litigate exclusively in a particular state court ordinarily are held to waive the right of removal." *Carmen Grp.*, 41 F. Supp. 3d at 11-12 (citing cases). Alternatively, "[p]ermissive [forum selection] provisions on the other hand—which 'authorize[ ] jurisdiction in a designated forum but d[o] not prohibit litigation elsewhere[,]'—generally do not waive the right to remove." *Id.* at 12 (quoting *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (alterations in original)).

Of course, the cases cited above dealt with a slightly different situation than the case at bar—in those cases, the courts were tasked with the question of whether a valid forum selection clause could result in wavier of the right to remove a case from state to federal court. Still, there is good reason to hold that Uboh waived any objection based on the forum defendant rule when he signed the employment agreement containing the forum-selection clause here. The Court reaches this conclusion for three reasons.

First, other federal courts have held that forum selection clauses should be upheld unless they are shown to be unreasonable. Here, the parties unambiguously agreed to litigate in federal court. [DE 1-2 at 37-38, Pg Id 45-46]. USEF and Uboh agreed to litigate in the Courts of the Commonwealth of Kentucky only if subject matter jurisdiction was lacking in federal court. Additionally, there is no doubt that this case could have been brought in federal court in the first instance based on diversity of citizenship jurisdiction. As such, the forum selection provision in this case is mandatory and should be enforced.

Second, the forum defendant defect was present and apparent at the time the parties signed the employment agreement. USEF's principal place of business appears to have been in Kentucky when the parties signed the employment agreement. As such, Uboh knew, or should have known, that USEF was a Kentucky resident for jurisdictional purposes when he contractually agreed to the forum

11

selection provision.  Thus, Uboh had knowledge of the forum defendant defect when he contracted with USEF and yet he still signed the employment agreement; therefore, Uboh made a knowing waiver of any objections to removal to federal court based on the forum defendant rule.

Third, and finally, the plain language of the employment agreement indicates that Uboh waived the forum defendant defect in removal.  The relevant provision of the agreement says, "Each of the USEF and Uboh accepts for itself and himself and in connection of its or his properties, generally and unconditionally, the exclusive jurisdiction and venue of the aforesaid courts *and waives any defense of forum non conveniens or any similar defense*." [*Id.* at 37-38, Pg ID 45-46 (emphasis added)].  Here, raising the forum defendant rule as an objection or defense to removal of this case to federal court is clearly a defense that is similar forum non conveniens.  As such, Uboh contractually waived any defense or objection to removal based on the forum defendant rule.  To remand this action to state court based on the forum defendant rule would allow Uboh to frustrate and contravene the clear contractual intent of the parties in the employment agreement.

### III.  Conclusion

In sum, the fly in the ointment for Uboh is that the forum selection clause in the employment contract between Uboh and USEF waived any procedural defects with removal.  The issue here is not

12

that Uboh's objection was untimely.  Instead, Uboh clearly and unequivocally agreed to litigate in a federal forum in his employment contract.  Uboh has presented no argument that this provision is unenforceable or that agreement to this forum selection clause and accompanying waiver of defenses did not constitute prospective waiver of the forum defendant rule as a defense to removal.  As such, Uboh has waived any objection to a defect in removal based on the forum defendant rule.  Accordingly, **IT IS ORDERED** that the motion to reconsider [DE 8] is **DENIED**.

This the 26th day of April, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge